UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-12151

SHARON RADFAR

v.

JOHN CROWLEY; JASON FORD; and WILLIAM HALLISEY,
individually and in their official capacities

MEMORANDUM & ORDER

October 25, 2021

ZOBEL, S.D.J.

Plaintiff Sharon Radfar filed civil rights and tort claims against current and former officers of the Brockton Police Department. Defendants John Crowley, Jason Ford, and William Hallisey now move to dismiss all counts pursuant to Fed. R. Civ. P. 12(b)(5) for improper service of process and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**Background**

The following facts are derived from plaintiff's first amended complaint (Docket # 16):

Plaintiff Sharon Radfar is a woman of Iranian decent and a former law enforcement officer in the state of Virginia. A. Compl. ¶ 10, 18.

Defendant John Crowley is the former chief of police of the city of Brockton. Id. ¶ 2.

1

Defendant Jason Ford is an officer at the Brockton Police Department, who "had an involvement with the Plaintiff." Id. ¶¶ 4, 13.

Defendant William Hallisey is a former lieutenant in the Brockton Police Department, Internal Affairs Division. Id. ¶ 3.

On December 3, 2017, defendant Hallisey made a telephone call to plaintiff, during which he yelled at her and threatened her on behalf of defendant Ford. Id. ¶ 6. On that same day, defendant Ford obtained an *ex parte* abuse prevention order against plaintiff in the Brockton District Court based on false and misleading statements regarding his fear of imminent physical harm. Id. ¶ 7. In subsequent days, "Plaintiff appeared at a hearing," and shortly thereafter, the state court vacated the abuse prevention order but entered a harassment prevention order against plaintiff, which was later extended for one year. Id. ¶ 8. The orders against plaintiff were obtained based on false and misleading statements by defendant Ford and with the assistance of defendant Hallisey. Id. ¶ 9. On plaintiff's motion, apparently not opposed by defendants, the state court vacated the order in mid-2018. Id. ¶ 11.

During and throughout 2018, defendants Ford and Hallisey "used their status as law enforcement officials" to make "false, misleading and humiliating and gender and ethnically biased statements about Plaintiff" to both her employer and federal officials conducting a background investigation on plaintiff. Id. ¶¶ 10, 12, 14. Defendant Crowley was aware of defendants Ford and Hallisey's actions and the "custom and practice of Brockton Police Officers wrongly using court proceedings to advance their personal interests in a gender biased manner." Id. ¶ 15.

The defendants' actions caused plaintiff trauma and humiliation, contributed to the "loss of her job," resulted in the "deprivation of other career opportunities," and caused her "substantial financial losses."  Id. ¶ 16, 19-20.

On December 2, 2020 plaintiff filed her initial complaint in this court. (Docket # 2).  The complaint was not served on defendants Ford and Hallisey until March 25, 2021, (Docket # 5), and on defendant Crowley until March 30, 2021.  Id.

**Legal Standard**

The timing of service of process is governed by Fed. R. Civ. P. 4(m), which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service must be made within a specified time."  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.  Even when good cause is not shown, "the court has the discretion to dismiss without prejudice or to extend the time period."  United States v. Lezdey, No. 12-11486-RWZ, 2013 WL 704475, at *2 (D. Mass. Feb. 26, 2013) (quoting United States v. Tobins, 483 F.Supp.2d 68, 77 (D. Mass.2007).

Local Rule 4.1(a) echoes Rule 4(m)'s 90-day standard, providing that, "[a]ny summons not returned with proof that it was served within 90 days of the filing of the complaint is deemed to be unserved for the purpose of Fed. R. Civ. P. 4(m)."  Local Rule 4.1(b) continues, "[c]ounsel . . . who seek to show good cause for the failure to make service within the 90-day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a

supporting affidavit.  If on the 14th day following the expiration of the 90-day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court."

**1.     Discussion**

Pursuant to Rule 4(m), plaintiff had until March 2, 2021 to serve defendants with the complaint.  Plaintiff did not begin efforts to arrange service of the complaint until March 16, 2021.  (Docket # 11).  The complaint was not served on defendants Ford and Hallisey until March 25, 2021, (Docket # 5), and it was not served on defendant Crowley until March 30, 2021.  Id.  Plaintiff never sought an enlargement of time under Fed. R. Civ. P. 6(b), nor did she demonstrate good cause for her delay within 14 days of the expiration of the 90-day period, as required by Local Rule 4.1(b).

**a.     Good Cause**

To avoid dismissal, plaintiff bears the burden of demonstrating good cause for failing to serve defendants within the required 90-day period.  Fed. R. Civ. P. 4(m); Local Rule 4.1(a)-(b); Burke v. City of Bos., 201 F.3d 426 (1st Cir. 1999).[1]  Good cause is likely, but not necessarily, found where: (1) "the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server"; (2) "the defendant has evaded service of the process or engaged in misleading conduct"; (3) "the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances"; or (4) "the plaintiff is proceeding *pro se* or *in*

---

[1] Earlier case law references a 120-day standard, prior to the 2015 Amendment to Fed. R. Civ. P. 4(m), which reduced the presumptive time for serving a defendant from 120 days to 90 days.

*forma pauperis.*"  Martello v. United States, 133 F. Supp. 3d 338, 344–45 (D. Mass. 2015) (quoting McIsaac v. Ford, 193 F.Supp.2d 382, 383 (D. Mass.2002)).

None of the four factors for demonstrating good cause weigh in plaintiff's favor. First, failure to complete timely service cannot be blamed on a third person here, because plaintiff did not even begin efforts to arrange service until March 16, 2021, two weeks after the service deadline.  (Docket # 11).

Second, defendants neither evaded service nor engaged in misleading conduct. Plaintiff suggests that service on defendant Crowley was delayed because the Brockton Police Department "improperly turned away her process servers."  (Docket ## 10, 11). However, the summons confirms that the police department refused service because defendant Crowley had retired.  (Docket # 5).  The initial service attempt on defendant Crowley was not rejected due to defendants impeding service, but rather due to plaintiff's failure to make service at the correct location.

Third, any mitigating circumstances from the Covid-19 pandemic are undercut by plaintiff's counsel's admitted access to her office and her failure to request an enlargement of time.  Plaintiff's counsel suggests that her failure to serve the complaint was due to "a continued necessity to work from home for longer than anticipated" due to "the continued shut-down of [her] brick-and-mortar office building."  (Docket # 11). Plaintiff's counsel cited "chaos, upheaval and challenges" due to the Covid-19 pandemic to explain why she had limited access to her office.  Id.  However, in a sworn affidavit she stated that she was able to use her office for its essential functions for "a couple of days" in January and February of 2021.  Id.  Plaintiff fails to demonstrate any diligence to attempt to effect service or to seek an extension prior to the deadline.

5

Nor does plaintiff meet the fourth factor for demonstrating good cause, because she is not *pro se* or *in forma pauperis*.

b.     **Discretionary Extension of Time**

Even absent a showing of good cause, courts have discretion under Rule 4(m) to extend the time for service. Riverdale Mills Corp. v. U.S. Dep't of Transp. Fed. Aviation Admin., 225 F.R.D. 393, 395 (D. Mass. 2005). Such discretion may be granted, taking into consideration whether (1) "the party to be served received actual notice of the lawsuit"; (2) "the defendant would suffer prejudice"; and (3) "plaintiff would be severely prejudiced if [her] complaint were dismissed." Lezdey, 2013 WL 704475, at *5 (quoting Riverdale, 225 F.R.D. 393, 395).

Considering the factors for a discretionary extension, first, neither party has demonstrated whether defendants received actual notice of the lawsuit before the expiration of the service deadline. Second, defendants suggest that they would suffer prejudice, because the delay has "further wedg[ed] time between this litigation and the actual events from which it stems." (Docket # 9).

Third, the severity of plaintiff's prejudice rests on her ability to "file a new complaint without consequence to [her] claims." Lezdey, 2013 WL 704475, at *5; Cf. Tobins, 483 F.Supp.2d at 80 (plaintiff may be prejudiced where dismissal would bar claims due to expiration of statute of limitations); Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . ."). Unlike in Tobins, where it was "undisputed that the statute of limitations has run on nearly all of the

[allegations]", plaintiff here makes no argument that she would be prejudiced by the statute of limitations.  483 F. Supp. 2d at 80.

**Conclusion**

      Defendants' Motion to Dismiss (Docket # 8) is ALLOWED for improper service of process.


  __October 25, 2021____                                _____/s/ Rya W. Zobel_____
         DATE                                                         RYA W. ZOBEL
                                                          UNITED STATES DISTRICT JUDGE